SUSAN GILLETT KUMLI, Acting Regional Solicitor
LAURA BREMER, Acting Counsel for ERISA
JESSICA FLORES, Senior Trial Attorney
Email: Flores.Jessica@dol.gov
United States Department of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103
Telephone: (415) 625-7748
Facsimile: (415) 625-7772
Attorneys for Plaintiff,
Secretary of Labor, United States
Department of Labor

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Martin J. Walsh, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR,<br><br>             Plaintiff,<br><br>       vs.<br><br>CLOUD CONSULTING PARTNERS, INC., a California corporation, and CLOUD CONSULTING PARTNERS INC. 401(k) PROFIT SHARING PLAN, an employee benefit plan,<br><br>             Defendants. | Case No.:<br><br>COMPLAINT FOR VIOLATIONS OF ERISA |

1.  The Secretary brings this action requesting that the Court appoint an independent fiduciary for Cloud Consulting Partners, Inc. 401(k) Profit Sharing Plan ("Plan") under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1191c, to enjoin acts and practices that violate the provisions of Title I of ERISA, and to obtain other appropriate equitable relief to redress violations and enforce the provisions of that Title pursuant to Section 502(a)(2) & (5), 29 U.S.C. § 1132(a)(2) & (5).

**Complaint for Violations of ERISA**                                                                 **Page 1 of 6**

## Jurisdiction, Parties, and Venue

2. The Court has jurisdiction over this action under ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. The Cloud Consulting Partners, Inc. 401(k) Profit Sharing Plan is an employee pension benefit plan as defined under ERISA § 3(3), 29 U.S.C. § 1002(3). The Plan is named as a Defendant under Rule 19(a) of the Federal Rule of Civil Procedure, solely to ensure complete relief can be granted.

4. The Plan is sponsored by Cloud Consulting Partners, Inc. ("Cloud Consulting Partners" or "Company"), a California corporation that was engaged in the business of providing computer software consulting to human resources departments. Cloud Consulting's principal place of business was in Rancho Mirage, California.

5. Cloud Consulting was incorporated in the state of California on August 16, 2012.

6. Under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), venue for this action lies in the Central District of California ("District") because the Plan was administered within the District and that is where a Defendant is located. Further, the Plan was administered within the Eastern Division of the District.

## Factual Allegations

7. Per the Plan's governing documents, Cloud Consulting Partners was the Plan Administrator of the Plan with discretionary authority over the Plan. Cloud Consulting Partners is therefore a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(16).

8. The Company's CEO Amy Grubb was the Plan Trustee with discretionary authority over the assets of the Plan and therefore a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(16).

9. PAI Trust Company, Inc. ("PAI Trust"), is the Plan's custodial trustee, and it can act only at the direction of the Plan Administrator or a properly appointed discretionary trustee or fiduciary.

10. Defendant Cloud Consulting Partners ceased operating approximately in August 2018.

11. Per the Plan's governing documents, participants were entitled to distribution upon termination of employment.

12. Cloud Consulting Partner's powers, rights, and privileges were suspended by the California Franchise Tax Board sometime after July 31, 2019.

13. Prior to and at the time of Cloud Consulting Partner's cessation of operations, Cloud Consulting Partners failed to take steps to ensure participants received the distributions that were due to them.

14. The Plan's custodial trustee, PAI Trust, will not authorize distributions of the remaining Plan assets to the Plan's participants and beneficiaries without direction from a properly appointed fiduciary or a court-appointed independent fiduciary.

15. Since 2018, CEO Amy Grubb has failed to administer her duties as Plan Trustee. Specifically, she has failed to issue immediate distribution to participants when the Company ceased operations and participants' employment was terminated, failed to appoint a successor or another to authorize Plan distributions, and did not respond to the Department of Labor after the Department informed her the Plan was selected for limited review for compliance. The current whereabouts of Ms. Grubb are unknown.

16. Although under the Plan documents Cloud Consulting may replace the Trustee, since 2018, Cloud Consulting Partners has failed to take action to replace Ms. Grubb with a trustee that will wind down the plan and authorize the distribution of the benefits due.

17. As of January 22, 2020, the Plan had eight (8) participants, which includes CEO Amy Grubb, and $165,870.53 in Plan assets.

## Violations of ERISA

18.  Because of the facts and circumstances set forth in Paragraphs 7-17 above, Plan Administrator Cloud Consulting Partners, acted in its fiduciary capacity:

a.  failed to monitor its sole appointed Trustee, CEO Amy Grubb, to ensure that she perform her fiduciary duties in violation of ERISA 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); the Plan does not have named fiduciaries or trustees with exclusive authority and discretion to manage and control its assets as required by ERISA §§ 402(a) and 403(a), 29 U.S.C. §§ 1102(a) and 1103(a); and there is no one other than this Court with the authority to appoint a new discretionary trustee or plan administrator;

b.  failed to remove its sole appointed Trustee, CEO Amy Grubb, after her abdication of her fiduciary duty to act solely in the interest of providing benefits to participants and their beneficiaries and defraying reasonable expenses of Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

c.  failed to act with the care, skill prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims as required by ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B); and

d.  failed to act in accordance with the documents and instruments governing the Plan, as required by ERISA §404(a)(1)(D), 29 U.S.C. §1104(a)(1)(D).

19.  Defendant Cloud Consulting Partners and CEO Amy Grubb are co-fiduciaries under ERISA §405(a)(1) & (2), 29 U.S.C. §1105(a)(1) & (2), and each was aware, or reasonably should have been aware, of the breach of the fiduciary responsibility of the other, making them jointly liable for said breach of fiduciary responsibility to the Plan.

20.  Because of the facts and circumstances set forth in Paragraphs 7-19 above, Plan Administrator Cloud Consulting Partners is liable as a co-fiduciary

under ERISA § 405(a), 29 U.S.C. § 1105(a). The Company is liable under ERISA § 405(a)(2), 29 U.S.C. § 1105(a)(2), because its failure to comply with its obligations under 404(a)(1), 29 U.S.C. § 1104(a)(1)(A), allowed Trustee CEO Amy Grubb to breach ERISA by failing to distribute the assets to participants as required by the Plan documents. Similarly, as Trustee CEO Amy Grubb is and was the sole officer of the Company at all relevant times, the Company is a liable co-fiduciary under ERISA § 405(a)(1) and (3), 29 U.S.C. § 1105(a)(1) and (3), for Trustee CEO Amby Grubb's fiduciary breaches, because the Company knowingly participated in the breaches and the Company has failed to make reasonable efforts under the circumstances to remedy the breach;

21. Because of the facts and circumstances set forth in Paragraphs 1-20 above, the Plan participants are unable to access their account balances to reinvest them in other tax-qualified retirement savings vehicles before retirement, to draw them down upon retirement, or for any other purpose.  Because the basis upon which payments are made from the Plan are not and cannot be specified without a properly appointed discretionary trustee, the Plan exists in violation of ERISA § 402(b)(4), 29 U.S.C. § 1102(b)(4).

22. As a direct and proximate result of the breaches and violations set forth in Paragraphs 1-21 above, the Secretary is entitled to such equitable or remedial relief as the Court may deem appropriate, including removal of such fiduciary, under ERISA § 409, 29 U.S.C. § 1109.

**FOR THESE REASONS**, in accordance with ERISA § 502(a)(2) & (5), 29 U.S.C. § 1132(a)(2) & (5), the Secretary prays that the Court:

    a.   remove CEO Amy Grubb from her position as the Plan Administrator and named fiduciary of the Plan;

    b.   appoint an independent or successor fiduciary with discretionary authority to administer the Plan to effectuate its termination and the distribution of Plan assets to the participants and beneficiaries; and

    c.   provide such other relief as may be just and equitable.

Dated: July 23, 2021

                SEEMA NANDA
                Solicitor of Labor

                SUSAN GILLETT KUMLI
                Acting Regional Solicitor

                LAURA BREMER
                Acting Counsel for ERISA

                /s/ Jessica Flores
                JESSICA FLORES
                Senior Trial Attorney

                Attorneys for the Plaintiff